UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY WILLIAMS,

       Petitioner,

                              CASE NO. 5:06-CV-12836
v.                              JUDGE JOHN CORBETT O'MEARA
                              MAGISTRATE JUDGE PAUL J. KOMIVES

KENNETH T. MCKEE,

       Respondent.
_____/

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR LEAVE TO FILE DELAYED OBJECTIONS (docket #26) AND PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (docket #29)**

I.      RECOMMENDATION: The Court should grant petitioner's motion for leave to file delayed objections, and should consider the objections filed by petitioner. If the Court accepts this recommendation, the Court should hold petitioner's motion for certificate of appealability in abeyance pending the Court's resolution of petitioner's objection.

II.     REPORT:

A.     *Procedural History*

Petitioner Johnny Williams is a state prisoner currently confined at the Saginaw Correctional Facility in Freeland, Michigan. On June 19, 2006, petitioner filed a *pro se* application for the writ of habeas corpus, challenging his 2002 state court convictions for felony murder, assault with intent to commit murder, armed robbery, and felony-firearm. On October 24, 2008, I filed a Report recommending that the Court deny the petition. The Court adopted the Report and entered judgement dismissing the petition on November 13, 2008. On November 17, 2008, petitioner filed a motion for leave to file a delayed objection. Petitioner contends that, because he was transferred

from the Bellamy Creek Correctional Facility to the Saginaw Correctional Facility at about the time the Report was entered, he did not receive the Report until November 5, 2008. He therefore seeks leave to file delayed objections, which are attached to his motion. On December 15, 2008, petitioner filed a notice of appeal and motion for a certificate of appealability. For the reasons that follow, the Court should grant petitioner's motion for leave to file delayed objections and should consider the objections. If the Court accepts this recommendation, the Court should hold in abeyance petitioner's motion for certificate of appealability until the Court rules on his objections.[1]

B.   *Analysis*

In relevant part, the Magistrate Judges Act provides that "[w]ithin ten days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). Rule 72 mirrors this provision. *See* FED. R. CIV. P. 72(b)(2). The ten day period for filing objections is not jurisdictional, and thus a district court is not barred from considering late-filed objections. *See Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000). The 10-day period commences upon actual receipt of the Report. *See McCline v. Oregon State Penitentiary Superintendent*, No. 96-8031, 1996 WL 647269, at *3 (10th Cir. Nov. 7, 1996); *Thompson v. Rose*, 505 F. Supp. 183, 184 (W.D. Tenn. 1981). Here, petitioner has made a plausible claim that he did not receive a copy of my Report until November 5, 2008, due to his transfer from the facility to which the Report was sent. Petitioner's motion for leave to file delayed objections was filed within 10 days of his receipt of the Report. In light of petitioner's purported delayed receipt of the Report and the fact that the 10-day period

---

[1]Although the Court referred this matter to me for hearing and determination, because a resolution of petitioner's motion may require the Court to consider petitioner's objections after it has already entered judgment, I respectfully submit this Recommendation in lieu of a determination of the motion.

2

begins to run upon actual receipt, as well as the fact that the 10-day period is not jurisdictional, the Court should grant petitioner's motion and should consider the objections filed contemporaneous with the motion for leave to file late objections.

C.   *Conclusion*

In view of the foregoing, the Court should grant petitioner's motion for leave to file late objections, and should consider the objections filed by petitioner.  If the Court accepts this recommendation, the Court should hold petitioner's motion for a certificate of appealability in abeyance pending the Court's consideration of petitioner's objections.

III.   <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991).  *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically,

and in the same order raised, each issue contained within the objections.

                                                s/Paul J. Komives  
                                                PAUL J. KOMIVES  
                                                UNITED STATES MAGISTRATE JUDGE

Dated:3/24/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail on March 24, 2009.
>
>                             s/Eddrey Butts  
>                             Case Manager