UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY WILLIAMS,

        Petitioner,

                          CASE NO. 5:06-CV-12836
v.                         JUDGE JOHN CORBETT O'MEARA
                          MAGISTRATE JUDGE PAUL J. KOMIVES

KENNETH T. McKEE,

        Respondent.
                          /

**REPORT AND RECOMMENDATION ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY (docket #29)**

I.    RECOMMENDATION: The Court should deny petitioner's motion for a certificate of appealability.

II.    REPORT:

A.    *Procedural Background*

Petitioner Johnny Williams, a state prisoner, filed an application for the writ of habeas corpus on June 19, 2006, challenging his 2002 state court convictions for first degree murder, assault with intent to commit murder, and armed robbery. On October 24, 2008, I filed a Report recommending that the Court deny the petition. Specifically, I recommended that the Court conclude that each of petitioner's claims was without merit. On November 13, 2008, the Court entered an order accepting my recommendation.[1] On January 16, 2009, petitioner filed a notice of appeal and motion for

---

[1] On November 17, 2008, petitioner filed a motion for leave to file delayed objections to the R&R. On March 24, 2009, I filed a Report recommending that the Court grant the motion and consider the objections raised by petitioner in his motion. The Court entered an Order on July 10, 2009, adopting my recommendation and, after considering petitioner's objections, again adopted my initial

certificate of appealability. Pursuant to 28 U.S.C. § 2253(c), petitioner may appeal only if he is first granted a certificate of appealability. For the reasons that follow, the Court should deny the certificate.

B.   *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing

Report.

28 U.S.C. § 2253(c)(3)). Accordingly, with respect to each issue, the Court must "either issue a certificate of appealability or state why a certificate should not issue." FED. R. APP. P. 22(b)(1).

C.   *Analysis*

    1.   *Right to Present a Defense Claim*

In his first habeas claim, petitioner argued that he was denied his right to present a defense by the trial court's failure to allow him to reopen the proofs to present the testimony of Jowana Caleb. As explained in my initial Report, to establish a violation of his right to present a defense petitioner must show that the trial court's exclusion of this witness "infringed upon a weighty interest of the accused," *United States v. Scheffer*, 523 U.S. 303, 308 (1998), in that the omitted evidence, when evaluated in the context of the entire record, would have "create[d] a reasonable doubt that did not otherwise exist." *United States v. Blackwell*, 459 F.3d 739, 753 (6th Cir. 2006) (internal quotation omitted). The Court's conclusion that petitioner had failed to do so is not debatable among reasonable jurists. As noted in the Report, petitioner presented his own testimony and that of two other alibi witnesses. The testimony of these witnesses was inconsistent with petitioner's own testimony and with each other, and the jury rejected this testimony and credited the testimony of the victim, who identified petitioner as the shooter and whose testimony was buttressed by his dying declaration. *See* R&R, at 12-13. In these circumstances, it is not reasonably debatable that the presentation of an additional alibi witness would not have created a reasonable doubt that did not otherwise exist. *See United States v. White*, 583 F.2d 899, 902 (6th Cir. 1978). Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability on this claim.

    2.   *Plea Offer Claim*

In his second claim, petitioner argued that the trial court erred in failing to allow a plea offer

to be reopened and that he was denied the effective assistance of counsel. As explained in my prior Report, petitioner initially indicated that he wanted to accept the prosecutor's offer of a plea. When the court informed petitioner that his plea would result in a term of 16-30 years' imprisonment, petitioner indicated that he did not want to plead guilty. Trial counsel informed the court that he had not properly explained the maximum to petitioner, and asked that the plea offer be kept open. The trial court declined to do so. *See* Trial Tr., Vol. II, at 150-51, 155-56. In order to succeed on this claim, petitioner must show that "he was prejudiced because he would have pleaded guilty had he been properly advised." R&R, at 19 (citing *Short v. United States*, 471 F.3d 686, 696 (6th Cir. 2006); *Humphress v. United States*, 398 F.3d 855, 859 (6th Cir. 2005); *Magana v. Hofbauer*, 263 F.3d 542, 547 (6th Cir. 2001)). Petitioner cannot show that the Court's resolution of this issue is debatable among reasonable jurists, because the record conclusively establishes that petitioner was not prejudiced. As explained in my Report, "although counsel thought that he had not adequately explained the maximum sentence to petitioner, the court did, informing petitioner that the sentence under the plea would be '16 to 30.' Petitioner immediately replied 'no,' and indicated through counsel that he did not want to accept the plea. Thus, the record establishes that petitioner was clearly uninterested in accepting a plea deal which would have resulted in a 16-30 year sentence." R&R, at 19. Accordingly, petitioner is not entitled to a certificate of appealability on this issue.

    3.    *Jury Instruction Claim*

In his third claim, petitioner contended that the trial court erred in failing to instruct the jury that it could consider the lesser included offenses without first unanimously acquitting him of the greater offense of first degree murder. As explained in my Report, however, the Due Process Clause does not prohibit this type of "acquittal first" instruction outside the capital sentencing context, *see*

4

*Sisco v. Huskey*, 73 Fed. Appx. 911, 913 (9th Cir. 2003); *Hardaway v. Withrow*, 147 F. Supp. 2d 697, 708-09 (E.D. Mich. 2001) (Tarnow, J.), *aff'd in part, rev'd in part on other grounds*, 305 F.3d 558 (6th Cir. 2002), and there is certainly no clearly established federal law which prohibits such an instruction, *see Vived v. Marshal*, 242 Fed. Appx. 448, 449 (9th Cir. 2007).  Thus, the Court's resolution of this claim is not debatable among reasonable jurists, nor is the Court's resolution of petitioner's related ineffective assistance of counsel claim.

D.     *Conclusion*

In view of the foregoing, the Court should conclude that its resolution of petitioner's claims is not debatable among reasonable jurists and that petitioner has failed to make a substantial showing of a denial of a constitutional right.  Accordingly, the Court should deny petitioner's motion for a certificate of appealability.

III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
PAUL J. KOMIVES<br>
UNITED STATES MAGISTRATE JUDGE

Dated: 8/6/09

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail and on August 6, 2009.
>
> s/Eddrey Butts
> Case Manager